UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT YOUNG,<br><br>                   Plaintiff,<br><br>v.<br><br>AMERIHOME MORTGAGE COMPANY, LLC; and MTC FINANCIAL INC. DBA TRUSTEE CORPS.,<br><br>                   Defendants. | Case No.: 22-CV-1163 JLS (AGS)<br><br>**ORDER (1) REMANDING ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO, FOR LACK OF SUBJECT-MATTER JURISDICTION, (2) EXTENDING TEMPORARY RESTRAINING ORDER, AND (3) DENYING AS MOOT MOTION TO DISMISS AND ACCOMPANYING REQUEST FOR JUDICIAL NOTICE**<br><br>(ECF Nos. 2, 3, 5, 6, & 6-1) |

On August 8, 2022, this Court issued an Order to Show Cause directing Defendant AmeriHome Mortgage Company, LLC ("Defendant") to inform this Court (1) whether the preliminary injunction ("PI") hearing in this matter scheduled for 8:30 a.m. on August 8, 2022, in the Superior Court of California, County of San Diego, proceeded and, if so, its outcome; and (2) why this Court has subject-matter jurisdiction over this matter. *See generally* ECF No. 2 (the "OSC"). On August 10, 2022, Defendant filed a Response to the OSC ("Resp.," ECF No. 3), and on August 11, 2022, Plaintiff filed a Reply ("Reply," ECF

No. 5).[1]  For the reasons that follow, the Court **REMANDS** this action to the Superior Court and **EXTENDS** the Temporary Restraining Order ("TRO") previously issued in this action.  Accordingly, the Court also **DENIES AS MOOT** Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("MTD," ECF No. 6) and accompanying Request for Judicial Notice (ECF No. 6-1).

## BACKGROUND

On July 8, 2022, Plaintiff initiated this action in the Superior Court of California, County of San Diego.  *See generally* Notice Ex. A (ECF No. 1-2) at 13[2] ("Compl."). Plaintiff owns the real property located at 801 Ash Street, Unit 402, San Diego, California 92101 (the "Property").  *Id.* ¶ 10.  Defendant is the mortgage servicer on the Property.  *Id.* ¶ 11.  On September 3, 2021, Defendant approved Plaintiff for a six-month forbearance of his mortgage payments pursuant to the Covid-19 Small Landlord and Homeowner Relief Act of 2020, Cal. Civ. Code §§ 3273.01 *et seq*.  *Id.* ¶ 14.  Plaintiff alleges he "has the unconditional right to extend the forbearance for an additional 180 days," relying on the Covid-19 Small Landlord and Homeowner Relief Act of 2020's statement that "[a] mortgage servicer shall comply with applicable federal guidance regarding borrower options following a COVID-19 related forbearance."  *Id.* at 1 n.1.  Plaintiff contends this "incorporates the Federal Coronavirus Aid, Relief, and Economic Security ("CARES") Act."  *Id.*  Thereafter, Plaintiff requested an extension of his forbearance on three separate occasions, but Defendant failed to respond and instead scheduled a foreclosure sale of the Property for July 15, 2022.  *Id.* ¶¶ 13–16.  Plaintiff's Complaint asserts violations of the California Civil Code and seeks a TRO and injunctive relief.  *See generally id.*

On July 14, 2022, the Superior Court held a hearing on Plaintiff's ex parte application for a TRO.  *See* Notice Ex. A at 27.  The Superior Court granted the TRO and

---

[1] Plaintiff seeks leave to file a slightly overlength brief, which request the Court grants.  *See* Reply at 2 n.2.

[2] In citing to page numbers, the Court refers to the blue numbers Bates-stamped in the upper-righthand corner of each page by the Court's CM/ECF system.

scheduled a PI hearing for 8:30 a.m. on August 8, 2022. *See id.* On July 26, 2022, Defendant filed an Opposition to the PI. *See id.* at 29. Plaintiff filed his reply in support of the PI on August 4, 2022. *Id.* at 158; *see also* Resp. at 7. Defendant thereafter removed the action to this District, invoking federal-question jurisdiction pursuant to 28 U.S.C. § 1331. *See generally* Notice.[3] On August 8, 2022, this Court issued the OSC regarding subject-matter jurisdiction now at issue and extended the TRO pending its jurisdictional determination and/or any PI hearing. *See generally* OSC.

## LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)). A defendant may remove an action from state court to a district court if the district court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

---

[3] While the issue is ancillary to the question of this Court's subject-matter jurisdiction, the Court feels compelled to address Defendant's adamance that this action was removed on August 5, 2022, rather than August 8, 2022. *See, e.g.*, Resp. at 8. The Court declines to quibble about technicalities. Whether this action was technically removed the Monday morning that the TRO was set to expire and the PI hearing was to take place in the Superior Court, or whether this action was removed shortly before close of business on the preceding Friday, *see* Request for Judicial Notice (ECF No. 3-2) Ex. A (filing fee receipt timestamped 4:42 p.m. PDT), ultimately is irrelevant and, frankly, a distinction without a difference. Either way, this Court was unaware of the removal and existence of this action until it was recorded on the docket midmorning on August 8, 2022; and the Superior Court apparently also was unaware that this action had been removed until the case was called at the 8:30 a.m. August 8, 2022 PI hearing, at which point Defendant's counsel "informed the court of the removal of this matter to federal court on August 5, 2022," *see* Declaration of Alice M. Hosden (ECF No. 3-8) ¶ 2. The fact remains that Defendant waited until the eleventh hour to remove this action. Defendant was entitled to do so. But filing late on the Friday before a Monday morning hearing, rather than on the morning of the hearing itself, hardly positions Defendant on the moral high ground.

As noted *supra*, Defendant has invoked federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, *see generally* Notice, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is generally known as "federal-question jurisdiction." "Most federal-question jurisdiction cases are those in which federal law creates a cause of action." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). However, "[a] case may also arise under federal law where 'it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims.'" *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983)).

Specifically, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "'Only a few cases' have ever fallen into this narrow category." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746 (9th Cir. 2022) (citing *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020)). Often, the focus falls on the third requirement, which "focuses on the importance of a federal issue 'to the federal system as a whole.'" *City of Oakland*, 969 F.3d at 905 (quoting *Gunn*, 568 U.S. at 260).

## ANALYSIS

Defendant contends that this Court has subject-matter jurisdiction over Plaintiff's state-law claim because the claim "arises under" the laws of the United States. *See generally* Resp. at 8–14. Plaintiff, on the other hand, argues that Defendant fails to meet its burden of establishing that a substantial federal issue is necessarily raised. *See* Reply at 4–6.

The Court assumes for purposes of its analysis that a federal issue is "necessarily raised" and "actually disputed," given that Plaintiff's claim to mortgage forbearance relies on California's Covid-19 Small Landlord and Homeowner Relief Act's reference to

"applicable federal guidance." *See, e.g.*, Compl. at 1 n.1; *id.* ¶¶ 5, 17. Nonetheless, the Court finds that subject-matter jurisdiction is lacking because the federal issue is not substantial and resolution in the federal courts would disrupt the federal-state balance approved by Congress.

Defendant contends that the federal issue here is substantial because "the Complaint requires the interpretation of the legality of Defendant's denial of an extension pursuant to applicable federal law." Resp. at 11 (emphasis omitted). Defendant claims this issue "is of significant importance to the federal system as a whole to ensure uniform adjudication on issues such as extensions for federal-backed loans under Covid-19 related federal regulations." *Id.* In so arguing, Defendant invokes *Evergreen Square of Cudahy v. Wisconsin Housing & Economic Development Authority*, 776 F.3d 463 (7th Cir. 2015). This out-of-circuit authority is not controlling on this Court. Even if it were, however, it is distinguishable. First, in *Evergreen Square*, the plaintiff affirmatively elected to bring its action in federal court. *See id.* at 464–65. Thus, the presumption against removal jurisdiction was not at issue. Second, *Evergreen Square* involved contracts "to which HUD, a federal agency, prescribes both the form and content"; in other words, contracts that "must be approved by HUD and [whose] terms are administered pursuant to federal laws and regulations." *Id.* at 468. The Seventh Circuit noted that "[s]imilar lawsuits have been brought nationwide by Section 8 property owners," and, "[i]n the aggregate, these cases have the potential to substantially influence the scope and success of the Section 8 program." *Id.* (citations omitted). Here, on the other hand, the mortgage forbearance provision in the CARES Act is but one small part of an expansive legislative scheme enacted to afford a broad array of relief during and in the wake of the Covid-19 pandemic. The success of Covid-19 relief efforts will not rise or fall based on the interpretation of this one statutory section. And, as Defendant concedes, "it is the rare foreclosure injunction action that involves contested issues of federal law related to Covid-19 legislation." Resp. at 12 (emphasis and citation omitted).

/ / /

This concession also undercuts Defendant's argument that this issue "is of significant importance to the federal system as a whole to ensure uniform adjudication on issues such as extensions for federal-backed loans under Covid-19 related federal regulations." *Id.* at 11.  First, "[t]o the extent that [Defendant] is arguing that state use and interpretation of the [CARES Act] pose a threat to the order and stability of the [CARES Act] regime, [Defendant] should be arguing, not that federal courts should be able to review and enforce state [CARES Act]-based causes of action as an aspect of federal-question jurisdiction, but that the [CARES Act] pre-empts state-court jurisdiction over the issue in dispute." *Merrell Dow*, 478 U.S. at 816 (footnote omitted).  Second, "[Defendant]'s concern about the uniformity of interpretation, moreover, is considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of action, th[e U.S. Supreme] Court retains power to review the decision of a federal issue in a state cause of action." *Id.* (footnote omitted).  In short, the Court finds the federal issue raised in this matter is not substantial.

However, "[e]ven where a state law claim does necessarily turn on a substantial and disputed question of federal law, removal is subject to a 'possible veto' where exercising federal jurisdiction is not 'consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Grable*, 545 U.S. at 313). Defendant argues that exercising jurisdiction over this case will not disrupt the federal-state balance. Resp. at 8–10.  However, as Defendant notes, "the CARES Act provides no private right of action." *Id.* at 8; *see also Scott v. Gate Gourmet, Inc.*, No. 220CV11033CASJPRX, 2021 WL 677897, at *6 (C.D. Cal. Feb. 22, 2021) ("Here, as the parties agree, the CARES Act provides no private right of action.") (citations omitted). California's Covid-19 Small Landlord and Homeowner Relief Act, on the other hand, provides such a private right of action, which Plaintiff invoked in bringing his suit. *See* Compl. ¶ 6 (citing Cal. Civ. Code § 3273.15).  "[T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to

a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 814. Permitting plaintiffs to bring claims under the CARES Act in district court by backdooring federal subject-matter jurisdiction utilizing an "arising under" theory would subvert the congressional determination that there should be no federal remedy for such violations and could "'herald[] a potentially enormous shift of traditionally state cases into federal courts.'" *Nevada*, 672 F.3d at 676 (citing *Grable*, 545 U.S. at 319). Thus, for this additional reason the Court finds federal subject-matter jurisdiction lacking.

The Court finds its reasoning vindicated in the disposition of *Cantu v. Savings*, Civil Action No. 7:21-CV-00224, 2021 WL 8944405 (S.D. Tex. Oct. 6, 2021), in which the plaintiff, asserting state-law claims seeking to prevent a foreclosure sale, obtained a TRO in the state court, after which the defendant removed on the basis of federal-question jurisdiction, arguing that the federal foreclosure moratorium of the CARES Act supplied the relevant federal question. *Id.* at * 1. Ultimately, "[t]he [c]ourt decline[d] to place Plaintiff's passing reference to the federal foreclosure moratorium into the 'special and small category of cases' that meet th[e "arising under"] test.'" *Id.* at *2 (citing *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 721 (5th Cir. 2017)). On the similar facts before it, this Court, too, finds federal subject-matter jurisdiction lacking.

Ultimately, the jurisdictional question here is a close one. However, resolving any doubts in favor of remand, the Court finds that the instant action does not "arise under" federal law such that this Court can exercise federal subject-matter jurisdiction over it. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court.") (quoting *Gaus*, 980 F.2d at 566). Ultimately, the federal issue is

/ / /

not sufficiently substantial, and resolving it in a federal forum could upset the state-federal balance.

## CONCLUSION

In light of the foregoing, the Court **REMANDS** this action to the Superior Court for the State of California, County of San Diego, for lack of subject-matter jurisdiction and **DENIES AS MOOT** Defendant's Motion to Dismiss and supporting Request for Judicial Notice (ECF Nos. 6 & 6-1). Additionally, the Court **EXTENDS** the TRO issued by the Superior Court and previously extended by this Court in order to maintain the status quo and allow Plaintiff adequate time to reinstate PI proceedings in state court. *See, e.g.*, *Genius Fund I ABC, LLC v. Shinder*, No. 221CV03765VAPMAAX, 2021 WL 2136414, at *7–8 (C.D. Cal. May 26, 2021) (remanding case due to lack of subject-matter jurisdiction but extending TRO originally issued by state court to maintain status quo); *Lopez v. Wells Fargo Bank, NA*, No. 3:11-CV-740-RCJ-WGC, 2011 WL 6936345, at *3 (D. Nev. Dec. 30, 2011) (remanding due to lack of subject-matter jurisdiction but issuing request for TRO to prevent foreclosure sale). The TRO, under the terms originally ordered by the Superior Court, shall remain in full force and effect <u>through August 23, 2022</u>. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 16, 2022

Hon. Janis L. Sammartino
United States District Judge